# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**RHONDA BEZANILLA**
    **Plaintiff**,

v.

**CARNIVAL CORPORATION**

    **Defendants.**

Civil Action No. 7:23-CV-85 (HL)

## ORDER

On July 26, 2023, Defendant Carnival Corporation removed this action brought against it by Plaintiff Rhonda Bezanilla in the Superior Court of Lowndes County, Georgia. Now before the Court is Defendant's Motion to Transfer Venue. (Doc. 4). Defendant moves the Court to transfer venue to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1404(a) and a valid and enforceable forum-selection clause. Plaintiff concedes transfer of this case is proper. (Doc. 6).

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In cases where the "parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66, 134 S. Ct. 568,

583, 187 L. Ed. 2d 487 (2013). Additionally, "when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Plaintiff does not question the validity of the forum-selection clause and concedes transfer is appropriate.

The Court GRANTS Defendant's Motion to Transfer Venue. It is hereby ordered that this case be transferred to the United States District Court for the Southern District of Florida, Miami Division.

**SO ORDERED** this 12th day of September, 2023.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

tdl